```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

FELESHA G. PETTWAY,            }
                               }
     Plaintiff,                }
                               }     CIVIL ACTION NO.
v.                             }     2:14-cv-870-WMA
                               }
BANK OF AMERICA HOME LOANS,    }
(a/k/a BANA, BAC Home Loans),  }
                               }
     Defendants.               }
                               }
```

**MEMORANDUM OPINION AND ORDER**

The court held a status conference in the above entitled case on September 16, 2015 with a court reporter present. The hearing was precipitated by the reassignment of the case to the undersigned and by the filing of a motion by Justina Davis Doss and Rodney Dillard for leave to withdraw as counsel for plaintiff and a motion by plaintiff filed by her newly appearing counsel, aimed at withdrawing counsel. All interested parties, including plaintiff Felesha Pettway, in person, and Monique Okoye, a non-appearing lawyer, were present. The court outlined what it perceived to be the problems at hand, listened to the parties, and took the matter under advisement.

The first problem to be considered arises from the fact that the action was originally filed before January 1, 2015 and thus randomly assigned to a magistrate judge when the local rules regarding the relationship between magistrate judges and district

1

judges in civil cases was dramatically different from what it is today.  Under the old regime the parties had at the outset been notified of their right to consent to full jurisdiction in the magistrate judge, without any time limitations to the giving of that consent but with the understanding that if and when a dispositive motion was filed or the case otherwise became ready for trial, and unanimous consent had not been obtained, the case would be routinely reassigned to a district judge, and if a dispositive motion was filed the magistrate judge would write a report and recommendation before any reassignment.  In this case no dispositive motion was timely filed, so the magistrate judge deemed the case trial-ready and ordered its reassignment.  The magistrate judge's conclusion that the case is trial-ready is debatable in light of pending controversies that must be decided before a final pretrial order is entered, but this court will not quarrel with the magistrate judge's conclusion and will assume jurisdiction over both the unresolved pretrial issues and the case itself.

     The first issue that must be addressed is the efficacy of the parties' dismissal by stipulation of the action as against defendant Ocwen Loan Servicing ("Ocwen").  The stipulation of dismissal was filed by all parties through their then counsel of record on August 19, 2015 pursuant to Rule 41(a)(1)(A).  The stipulation did not require an order by the magistrate judge or

by a district judge.  She signed such an order as a ministerial matter on August 20, 2015 but dismissal was effective on August 19, 2015.  The action as against Ocwen was concluded on August 19, 2015, and the said dismissal has not been timely attacked by a Rule 59(e) motion.  It is as final as it can be.

Consistent with what the court orally stated at the September 16, 2015 conference, the court declines to assume jurisdiction over what appears to be a controversy between plaintiff and her former counsel, whose motion for leave to withdraw is hereby **GRANTED**.  This court notes that on September 16, 2015 plaintiff's former counsel presented plaintiff's present counsel with a disc purporting to contain all pertinent records in its possession (excluding billing records). Plaintiff's motion to compel is accordingly **DENIED,** but without prejudice to the presentation of any controversy between plaintiff and her former counsel to a proper forum.

Because there is a hint that a settlement was reached between plaintiff, through her former counsel, and defendant BANA, the court finds good cause to reopen discovery and to extend the dispositive motions deadline.  Accordingly, the schedule is **AMENDED** as follows:

> **DISCOVERY** – Discovery shall be completed by October 19, 2015.
>
> **DISPOSITIVE MOTIONS** – All dispositive motions shall be filed by November 18, 2015.

      **TRIAL** – The Court will set a trial date at an appropriate time, but the trial date will be no earlier than January 18, 2016.

If the remaining parties think the case is trial-ready and so inform the court, the court will refer the case to mediation with or without the joint request of the parties.  The case is a perfect case for mediation.

DONE this 21st day of September, 2015.

                                      _____
                                      WILLIAM M. ACKER, JR.
                                      UNITED STATES DISTRICT JUDGE